IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**BOTTLE TREE BEVERAGE COMPANY, LLC**                                **PLAINTIFF**

**V.**                                                         CASE NO. 3:25-cv-275-HTW-LGI

**WILLIAM CASE PACK**                                                **DEFENDANT**

## NOTICE OF REMOVAL

COMES NOW Defendant William Case Pack ("Pack" or "Defendant"), by and through his undersigned counsel, and hereby files this Notice of Removal in the above-captioned action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendant respectfully asserts the following:

## INTRODUCTION

1. On March 17, 2025, Plaintiff Bottle Tree Beverage Company, LLC ("Bottle Tree" or "Plaintiff") filed a Summons and Complaint against Defendant in the Chancery Court of Madison County, Mississippi, bearing Case Number 45CH1:25cv00316 (the "State Court Action"). A copy of the Summons and Complaint are attached as **Exhibit A**. Defendant has received no other process, pleadings, or orders.

2. Defendant was served with the Summons and Complaint on March 21, 2025. (Ex. A.) This Notice of Removal is submitted within thirty (30) days of service of the Summons and Complaint. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. The United States District Court for the Southern District of Mississippi, Northern Division, is the federal judicial district embracing the Chancery Court of Madison County, where this action was originally filed. Thus, venue is proper in this Court under 28 U.S.C. § 1441(a).

## DIVERSITY JURISDICTION

4. This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332. Diversity jurisdiction exists in a civil matter where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id*. at § 1332(a)(1). Both requirements for diversity jurisdiction are met in this case.

### Complete Diversity Exists Between the Parties

5. Plaintiff admits that it is a Mississippi limited liability company with its principal place of business located in Mississippi. (*See* Complaint ("Compl.") at ¶ 1.)

6. For the purposes of diversity jurisdiction, "the citizenship of a[n] LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

7. A search of public records reveals that Plaintiff has a single member, Austin Evans. (*See* Declaration of Amy Oliver ("Oliver Decl."), ¶ 2, Ex. A.) A copy of Ms. Oliver's Declaration is attached hereto as **Exhibit B**. Mr. Evans's address is listed as Jackson, Mississippi. (*Id*. at ¶ 3, Ex. A.)

8. Thus, Plaintiff is a citizen of the State of Mississippi for purposes of diversity. *Harvey*, 547 F.3d at 1080.

9. Defendant is a citizen and resident of the State of Alabama. (Compl. ¶ 2.) As such, Defendant is not a citizen of Mississippi and there is complete diversity of citizenship between Plaintiff and Defendant.

**The Amount in Controversy Exceeds the Jurisdictional Threshold**

10. Plaintiff's Complaint "for damages" seeks the imposition of a preliminary and permanent injunction to enforce certain putative "non-competition" and "non-solicitation" provisions contained in an Employment Agreement to enjoin and restrain Defendant from continuing in his current employment with Suntory Global Spirits, Inc. ("Suntory"). (*Id.* ¶¶ 12, 14, 16, 25-37.) If granted, Plaintiff's injunction would restrict Defendant from performing his role with Suntory altogether for a minimum of twelve (12) months and up to twenty-four (24) months. (*Id.* at ¶¶ 35-36.)

11. Plaintiff further specifically seeks an award of "all costs of court, all out-of-pocket or other costs and expenses and reasonable attorney fees and costs associated with bringing this action" as well as an award of "such other and further relief" as the Court may deem appropriate. (*Id.* ¶ 37.)

12. When a pleading does not demand a specific sum, the notice of removal may assert the amount in controversy. 28 U.S.C. § 1446(c)(2)(A). As in the instant matter, when a plaintiff "seek[s] declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Frye v. Anadarko Petro. Corp.*, 953 F.3d 285, 293 (5th Cir. 2019) (citations omitted).

13. A removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 87. If a plaintiff challenges the allegations by filing a motion for remand, "the court must decide by a preponderance of the evidence whether the

3

relevant amount in controversy is met." *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015).

14. Even if a removing party has the burden, district courts are permitted "to make common-sense inference about the amount at stake by the injuries the plaintiffs claim." *Id*.

15. Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000 and that this case is removable.

16. First, Plaintiff claims Defendant's actions have allegedly caused and will continue to cause it harm, including, without limitation, loss of its customers and employees. (Compl. ¶¶ 17, 18, 25, 31, 34.) Given that Plaintiff claims to be seeking to protect its key customer and employee relationships, Plaintiff cannot conceivably contend that the amount in controversy in the instant matter is not met. (*Id.*) Although Defendant denies any wrongdoing or liability in this matter, it is clear that the amount in controversy is met based on the alleged damages Plaintiff would suffer absent the Court awarding Plaintiff injunctive relief. *See*, *e.g.*, *Frye*, 953 F.3d at 293 (stating for "actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Farris v. Bevard*, No. 2:15-cv-25-KS, 2015 U.S. Dist. LEXIS 82036, at *4-5 n.3 ("When specific performance of a contract is sought, the amount in controversy for diversity purposes is the value of the contract.") (quoting *Allen v. Dovenmuehle Mortg., Inc.*, No. 3:13-cv-4710, 2014 U.S. Dist. LEXIS 98475 (N.D. Tex. Jul. 21, 2014)).

17. Second, the object of litigation (value of the contract) further exceeds the jurisdictional threshold based on the consideration Plaintiff paid to Defendant. In the

Employment Agreement, Plaintiff agreed to pay Defendant a base salary of $50,000 per year, plus sales commissions, 401k benefit matching, health insurance, and up to $1,200 per year in cell phone bill expenses. A copy of the unredacted Employment Agreement is attached as **Exhibit C**.[1] Given Plaintiff's request to obtain a 24-month restriction on Defendant's activity under the agreement, it is plausible that, based on Plaintiff's consideration paid for a 24-month period and Defendant's average salary while employed by Plaintiff, the value of the litigation exceeds $100,000 in controversy. (*Id.*; *see also* Declaration of William Case Pack, attached as **Exhibit D** at ¶ 2).

18.   Third, the object of the litigation for Plaintiff is to restrict Defendant from performing his role with Suntory altogether for a minimum of twelve (12) months and up to twenty-four (24) months. At Suntory, Defendant is paid an annual base salary of $93,000, receives a monthly car allowance, and is eligible for an annual bonus of up to 20% of his annual salary. (*See* Exhibit C at ¶ 3). In his first full year of employment at Suntory, Pack's total compensation was $133,000. (*Id.*). Therefore, restrictions between 12 and 24 months could impair Defendant's compensation at Suntory between at least $93,000 and up to $266,000. (*Id.*).

19.   Taken collectively, Plaintiff's request for protection of its key customer and employee relationships and recovery of "all costs of court, all out-of-pocket or other costs and expenses and reasonable attorney fees and costs associated with bringing this action," (*see* Compl. ¶¶ 17, 18, 25, 31, 34, 37.), the consideration paid by Plaintiff (*see* Exhibit B), and Defendant's current salary at Suntory, (*see* Exhibit C), decisively show the amount in controversy exceeds $75,000.

---

[1] Defendant attached an unredacted copy because Plaintiff redacted the Compensation Addendum, despite no contractual language requiring such terms to be redacted.

20. Accordingly, Defendant submits that this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1441(b), as the amount in controversy exceeds $75,000 and complete diversity of citizenship exists between the parties.

## **PROCEDURAL PREREQUISITES**

21. Venue is proper, as this is the Court assigned to the district and division in which the action is pending in state court. *See* 28 U.S.C. § 89(b).

22. This Notice of Removal is being filed within 30 days after Defendant received a copy of Plaintiff's Complaint. Therefore, removal to this Court is both proper and timely under 28 U.S.C. § 1446(b).

21. As required by 28 U.S.C. § 1446(d), a Notice to the State Court of Filing of Notice of Removal, together with a copy of this Notice of Removal, is being promptly filed in the Chancery Court of Madison County, Mississippi and served on Plaintiff. A true and correct copy of the Notice to State Court of Filing Notice of Removal (without Exhibits) is attached hereto as **Exhibit E**.

WHEREFORE, Defendant prays that the above action now pending in the Chancery Court of Madison County, Mississippi, be removed to this Court.

Respectfully submitted,

        Respectfully submitted,

        */s/ Matthew G. Gallagher*
        Matthew G. Gallagher (MS Bar No. 103159)
        LITTLER MENDELSON, P.C.
        One Commerce Square
        40 South Main Street, Suite 2500
        Memphis, TN 38103
        Telephone:  901.322.1226
        Facsimile:  901.531.8478
        Email:  mgallagher@littler.com

William H. Foster
*(Pro Hac Vice* Motion Forthcoming)
LITTLER MENDELSON, P.C.
110 East Court Street, Suite 201
Greenville, SC 29601
Telephone:	(864) 775-3191
Facsimile:	(864) 752-1249
Email:	bfoster@littler.com

*Attorneys for Defendant William Case Pack*

Case 3:25-cv-00275-HTW-LGI     Document 1     Filed 04/17/25     Page 7 of 8

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2025, that the foregoing document has been properly filed with the Clerk of this Court, through which service was made upon the following:

Steven H. Funderburg
P.O. Box 13960
Jackson, MS 39236
sfunderburg@fsplawfirm.com

/s/ *Matthew G. Gallagher*